of that which is the object of this suit, were put afloat by the bank—that the parts of the note which remain, are proved to be genuine, and we are to infer that the remainder which is destroyed was equally so, unless we suppose that which cannot be presumed, that the clerks of the bank have contrived to defraud the corporation.

FALL 1809<br>First Distrist.

SAUL<br>vs.<br>AILIER.

JUDGMENT FOR THE PLAINTIFF.

SAUL. vs. AILIER.

THE plaintiff as special administrator, brought this action to recover the forfeiture under the ordinance of the officer exercising the functions of Governor-General & Intendant in the province of Louisiana, of the 7th of September 1804, for the appointment of a special administrator; the defendant being charged with having neglected to give notice of the death of a person, who had died in his house, and whose estate was liable to be administrated upon by the special administrator.

Bail not required on penal statutes.

*Porter*, for the defendant, moved that his bail might be discharged. He contended that in an action on a penal statute, bail cannot be legally required, unles the statute especially authorizes the demand of it, as every man is to be presumed innocent, until the contrary appears. 1 *Bac. Abr.* 330. *Seld. Prac.* 50. *Barnes* 80, *Tid* 19.

*Duncan*, contra. The authorities cited by the

FALL 1809,
First District.

MANN AND BER-
NARD
*vs.*
HUNT & SMITH.

defendant's counsel, do not apply to this country. The statute of the territory authorizes the plaintiff to demand bail, in all cases in which the sum demanded is above one hundred dollars.

*Porter* in reply. It is not pretended that the English decisions are binding on this court as precedents, and they are not referred to under that idea. But they are referred to, for information on a subject depending on sound reason. In England the statute of George, on the subject of bail, is as general as that of our territory referred to by the plantiff's counsel, and cases like the present are not excepted from its provisions, yet the court has made the exception founded on the maxim which I have stated.

*By the Court,* LEWIS, J. *alone.* Let the bail be discharged.

⋙●◉◉●⋘

*MANN & BERNARD* vs. *HUNT & SMITH.*

Persons applying for a commission must disclose the facts intended to be proven.

THE defendants moved for a commission to examine witnesses abroad on their affidavit, setting forth the names of the witnesses and the materiality of their testimony.

*Brown* and *Livingston* for the plaintiffs. The affidavit ought to have gone further and set forth the facts intended to be proven, in order that the court might judge of the importance of the testimony.